Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LORI HUTSON, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF DANIEL H. BAREN and DANIEL H. BAREN, <br><br> Defendants. | Civil Action No. _____ |

**COMPLAINT**

**DEMAND FOR JURY**

**I. INTRODUCTION**

1. This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

///

///

COMPLAINT - 1

2. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff LORI HUTSON (hereinafter "Plaintiff") is a natural person residing in Sunnyvale, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant LAW OFFICES OF DANIEL H. BAREN (hereinafter "Defendant Law Office"), is a California law firm engaged in the business of collecting consumer debts in California from a mailing address of 17360 Brookhurst Street, Fountain Valley, CA 92708.

7. Defendant Law Office is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1   8. Defendant DANIEL H. BAREN (hereinafter "Defendant Baren") is a licensed
2   California attorney engaged in the business of collecting consumer debts in California from a
3   mailing address of 17360 Brookhurst Street, Fountain Valley, CA 92708.

9. Defendant Baren is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

11. Any reference hereafter to "Defendant Collector," "Defendant," or "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff incurred a financial obligation CashCall, Inc. bearing the account number 370475. The debt was primarily incurred for personal, family or household purposes.

13. Plaintiff experienced difficulty in repaying the debt to CashCall, Inc.

14. On or about June 5, 2006, Defendants sent a collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt, which was the Defendants' first written notice addressed to the Plaintiff in connection with collecting the debt.

15. A true and accurate copy of the June 5, 2006 collection letter from Defendants to Plaintiff is attached hereto, marked **Exhibit 1**, and by this reference is incorporated herein.

16. **Exhibit 1** contained the signature of "Daniel H. Baren, Attorney at Law." ("Defendant Baren" herein).

17. Defendants' failure to provide proper notice to consumers of their rights violated federal law pursuant to 15 U.S.C. §§ 1692e(10), 1692f and 1692g.

18. **Exhibit 1** failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

COMPLAINT - 3

19. **Exhibit 1** contradicts the validation notice by demanding immediate payment within 30-day time period, thus violating 15 U.S.C. § 1692g.

20. On information and belief, Plaintiff contends **Exhibit 1** falsely threatened immediate legal action not intended within the time frame threatened in an effort to collect a debt.

21. **Exhibit 1** falsely represented the certainty of judgment.

22. **Exhibit 1** contained false, deceptive, and misleading statements and representations in an effort to collect a debt or collect payment on a debt.

23. On information and belief, Plaintiff contends Defendants falsely represented they had retained some outside legal counsel when in fact Defendant works in-house with CashCall, Inc.

24. On information and belief, Plaintiff contends **Exhibit 1** is false in that no attorney was meaningfully involved in sending the letter.

25. Plaintiff contends Defendants use the weight and authority of an attorney letterhead in an effort to collect a debt or collect payment on a debt.

26. On information and belief, Plaintiff contends **Exhibit 1** used false and misleading statements and representations that created a false sense of urgency in an effort to collect a debt.

27. Defendants did not file a lawsuit against Plaintiff as threatened nor did they intend to within the time frame threatened.

28. Defendants regularly mail communications in the form of **Exhibit 1**, which contains false and misleading representations, including, misrepresenting to consumers that CashCall, Inc. has referred their accounts to an outside, independent attorney.

29. Defendants uses a name other than its own which would falsely indicate that a third person is collecting or attempting to collect a debt.

30. Defendants design, compile and furnish deceptive forms used to create a belief that a third person is involved in collecting a debt, in violation of 15 U.S.C. § 1692j.

31. Defendants sent letters in the form of **Exhibit 1** to more than 40 persons in California, in the one-year preceding the filing of this complaint. Plaintiff may seek to amend to add class allegations at a later date.

32. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered mental distress, mental suffering, and/or mental anguish, including fear, concern, worry, loss of sleep, loss of appetite, and loss of concentration, amongst other negative emotions.

### V. FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

33. Plaintiff incorporates by reference each paragraph alleged above.

34. The foregoing acts and omission of Defendants constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to those sections below as evidenced by the following conduct:

35. Defendants violated 15 U.S.C. § 1692e(3) by falsely representing an attorney was meaningfully involved.

36. Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening immediate actions not intended and not taken within the time frame threatened, including legal action.

37. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by using a name other than its own to mislead the least sophisticated consumer that a third person was collecting or attempting to collect a debt.

38. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by falsely representing that some independent outside attorney was handling the account.

39. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, and misleading statements in an attempt to collect a debt.

40. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

41. Defendants violated 15 U.S.C. §§ 1692e and 1692g by failing to provide Plaintiff with required notices.

42. Defendants violated 15 U.S.C. §§ 1692e and 1692g by contradicting the validation notice.

43. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt or collect payment on a debt.

44. Defendants violated 15 U.S.C. § 1692j by unlawfully designing, compiling or furnishing deceptive forms used to create a belief that a third person is involved in collecting a debt.

45. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendants for the following:

A. Judgment that Defendants' conduct violated the FDCPA and the state Act.

B. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. Grant such other and further relief as it deems just and proper.

_____        5/31/07
Ronald Wilcox                          Date
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

_____        5/31/07
Ronald Wilcox                          Date

# EXHIBIT 1

LAW OFFICES OF
# DANIEL H. BAREN
ATTORNEY AT LAW

June 5, 2006

Lori Hutson
12800 Newhope St
Garden Grove, CA 92840

Re:   CashCall Loan No.:   370475

Dear Lori Hutson,

This firm has been retained to represent CashCall, Inc. with reference to sums due and owing by you on the above referenced loan. You have failed to satisfy your repayment obligations under the terms and conditions of the CashCall Promissory Note & Disclosure Statement (the "Note"). The total amount due and owing on the loan as of today's date is $6,202.42. This sum includes the unpaid principal balance, accrued interest and any late fees or NSF charges assessed against you.

Numerous attempts by my client to reach an acceptable arrangement with you have been unsuccessful. Accordingly, we are left with no option but to demand immediate payment of the total amount past due. Please note that payment must be made with certified funds only (cashier's check payable to Cash Call or MoneyGram, receiver code 3299).

**Past Due Amount:**   $1,091.24.

If arrangements have not been made to pay all sums due within thirty (30) days of the date of this letter, my client has instructed me to file a lawsuit and obtain a judgment against you for the total outstanding balance owing on your loan **plus** accrued interest, permissible attorney's fees, court costs, and any other collection costs incurred by us to the extent allowed by law.

If you have any questions or would like to discuss other possible arrangements, please contact my client directly at **(877) 860-2274, ext. 1883 (Teodoro Estrada)**.

Sincerely,

Daniel H. Baren
Attorney at Law

*This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within thirty days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.*

17360 BROOKHURST STREET, FOUNTAIN VALLEY, CA 92708
PHONE: (949) 752-4605 FAX (949) 225-4605