JESSE S. FINLAYSON, SBN 179443
MICHAEL R. WILLIAMS, SBN 196863
FINLAYSON, AUGUSTINI & WILLIAMS LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
Telephone: (949) 759-3810
Facsimile: (949) 759-3812
Email: jfinlayson@faw-law.com
       mwilliams@faw-law.com

Attorneys for Defendants LAW OFFICES OF
DANIEL H. BAREN and DANIEL H. BAREN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LORI HUTSON, | CASE NO. C 07-02895 HRL |
|---|---|
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF LORI HUTSON'S COMPLAINT** |
| v. | |
| LAW OFFICES OF DANIEL H. BAREN and DANIEL H. BAREN, | |
| Defendants. | |

Defendants Law Offices of Daniel H. Baren[1] and Daniel H. Baren (collectively, "Defendants") answer the *Complaint* (the "Complaint") filed by Plaintiff Lori Hutson ("Plaintiff") against them as follows:

**ANSWER TO ALLEGATIONS REGARDING INTRODUCTION**

1.  Defendants admit that the provisions of 15 U.S.C. § 1692 *et seq.* speak for themselves. Except as expressly admitted, Defendants deny the allegations of paragraph 1 of the Complaint.

2.  Defendants admit that the provisions of 15 U.S.C. § 1692 speak for themselves. Except as expressly admitted, Defendants deny the allegations of paragraph 2 of the Complaint.

---

[1] Daniel H. Baren is a licensed California attorney. The "Law Offices of Daniel H. Baren" is not a separate legal entity. In an abundance of caution, however, Daniel H. Baren files this Answer on behalf of himself and the "Law Offices of Daniel H. Baren."

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

3.  Defendants admit that this Court has jurisdiction over the subject matter of the Complaint. Except as expressly admitted, Defendants deny the allegations of paragraph 3 of the Complaint.

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

4.  Defendants admit that Plaintiff is a natural person. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.  Defendants admit the allegations of paragraph 5 of the Complaint.

6.  Defendants deny the allegations of paragraph 6 of the Complaint.

7.  Defendants deny the allegations of paragraph 7 of the Complaint.

8.  Defendants admit the allegations of paragraph 8 of the Complaint.

9.  Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint does not call for a response from Defendants. To the extent that it does, Defendants deny the allegations of paragraph 11 of the Complaint.

**ANSWER TO FACTUAL ALLEGATIONS**

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff defaulted on her payments under her promissory note with CashCall, Inc. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

## **ANSWER TO PURPORTED FIRST CLAIM FOR RELIEF**

**(Alleged Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *Et Seq.*)**

33. Defendants incorporate by reference paragraphs 1 through 32, inclusive, of this Answer as though set forth in full herein.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

Finlayson, Augustini & Williams LLP

DEFENDANTS' ANSWER TO PLAINTIFF LORI HUTSON'S COMPLAINT

**RESPONSE TO PRAYER FOR RELIEF**

With respect to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief against Defendants in this case.

**SEPARATE AND ADDITIONAL DEFENSES**

Without admitting any of the facts alleged in the Complaint, Defendants assert and allege the following separate and additional defenses, without prejudice to Defendants' right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

1. The Complaint and the purported claim for relief stated therein fail to state facts sufficient to constitute a claim for relief against Defendants.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

2. Insofar as the Complaint and the purported claim for relief stated therein seek the recovery of attorney's fees, they are barred because they fail to state facts sufficient to support a claim for attorney's fees.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

3. The Complaint and the purported claim for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of Defendants.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

4. The Complaint and the purported claim for relief stated therein are barred in whole or in part as a result of Plaintiff's failure to mitigate her damages, if any.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

5. The Complaint and the purported claim for relief stated therein are barred because any alleged violation of the federal Fair Debt Collection Practices Acts was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

6. Venue is not proper in this Court under 28 U.S.C. § 1391(b) because (a) Defendants do not reside in this district, and (b) a substantial part of the events or omissions giving rise to

Plaintiff's purported claim for relief did not occur in this district in that Defendants did not send the letter attached as Exhibit 1 to the Complaint to an address in this district – it was sent to an address that is within the Central District of California. In addition, venue is not proper in this Court under any other provision of law. Thus, this case should be dismissed or, alternatively, transferred to the Central District of California. *See* 28 U.S.C. § 1406(a).

### **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

7. Certain additional defenses to the Complaint and to the purported claim for relief action stated therein may be available to Defendants. However, these additional defenses require discovery before they can be properly alleged. Thus, Defendants reserve the right to assert other separate and additional defenses if and when they become appropriate in this case.

WHEREFORE, Defendants request the following relief:

A. That Plaintiff take nothing by way of the Complaint;

B. For judgment in Defendants' favor and for an award of the costs of suit incurred herein, including attorney's fees to the extent allowed by law; and

C. For such other and further relief as the Court deems just and proper.

DATED: July 2, 2007

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGSTINI & WILLIAMS LLP


By:        /s/ Michael R. Williams
              Michael R. Williams

Attorneys for Defendants LAW OFFICES OF DANIEL H. BAREN and DANIEL H. BAREN

**CERTIFICATION OF INTERSTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: July 2, 2007

JESSE S. FINLAYSON
MICHAEL R. WILLIAMS
FINLAYSON, AUGSTINI & WILLIAMS LLP

By:  /s/ Michael R. Williams
       Michael R. Williams

Attorneys for Defendants LAW OFFICES OF DANIEL H. BAREN and DANIEL H. BAREN

Answer - Baren

# CERTIFICATE OF SERVICE

I, Wendy S. Mills, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On July 2, 2007, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF LORI HUTSON'S COMPLAINT**

on the parties stated below:

**Counsel for Plaintiff:**
**Ronald Wilcox, Esq.**
**2160 The Alameda, First Floor, Suite F**
**San Jose, CA  95126**

by the following means of service:

☒ **BY MAIL**:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE**:  I provided a true copy of the above-listed document(s) to a messenger, along with an envelope(s) addressed to each person(s) named at the address(es) shown, and gave that document(s) to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY FACSIMILE**:  I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above.  The transmission was reported as complete, and no error was reported by the facsimile machine.  A copy of the transmission record is maintained by our office.

☐ **BY UPS—NEXT DAY AIR:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this court, and the foregoing document(s) was(were) printed on recycled paper.

☐ **(STATE)**          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**     I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2007.

/s/ Wendy S. Mills
Wendy S. Mills

Finlayson,
Augustini &
Williams LLP